WALLER, CHIEF JUSTICE, DISSENTING:
 

 ¶ 24. Believing that the trial court failed to address the primary focus of
 
 Miller v. Alabama
 
 ,
 
 [1]
 
 Chandler's capacity for rehabilitation, and did not articulate that Chandler is among "the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility," I respectfully dissent.
 
 Montgomery v. Louisiana
 
 , --- U.S. ----,
 
 136 S.Ct. 718
 
 , 734,
 
 193 L.Ed.2d 599
 
 (2016).
 

 ¶ 25. Chandler's capacity for rehabilitation simply was not addressed by the trial court. The majority concludes that the trial court adequately considered the issue of rehabilitation when it reasoned that "the Executive Branch has the ability to pardon and commute sentences in this State should it deem such action warranted." (Maj. Op. at ¶ 17). However, this single statement is not responsive to the issue of rehabilitation. In
 
 Parker v. State
 
 ,
 
 119 So.3d 987
 
 , 992 (Miss. 2013), this Court specifically rejected the State's argument that the possibility of conditional release at age sixty-five offered juvenile defendants a meaningful opportunity for release in compliance with
 
 Miller
 
 . Similarly, the possibility of receiving a pardon or commuted sentence at some unspecified future date is in no way relevant to the consideration of Chandler's capacity for rehabilitation under
 
 Miller
 
 .
 

 ¶ 26. Consideration of the defendant's capacity for rehabilitation is a crucial step in the
 
 Miller
 
 analysis, because a life-without-parole sentence "reflects 'an irrevocable judgment about [an offender's] value and place in society,' at odds with a child's capacity for change."
 
 Miller
 
 ,
 
 567 U.S. at 473
 
 ,
 
 132 S.Ct. 2455
 
 (quoting
 
 Graham v. Florida
 
 ,
 
 560 U.S. 48
 
 , 74,
 
 130 S.Ct. 2011
 
 ,
 
 176 L.Ed.2d 825
 
 (2010) ). Indeed, the
 
 Miller
 
 Court stressed that the imposition of this sentence would be "uncommon" due to "children's diminished culpability and heightened capacity for change."
 
 Id.
 
 at 479,
 
 132 S.Ct. 2455
 
 . More recently, in
 
 Montgomery
 
 , the Supreme Court underscored the importance of considering a juvenile's capacity for rehabilitation when it recognized that "
 
 Miller
 
 did bar life without parole ... for all but the rarest of juvenile offenders, those whose crimes reflect
 
 permanent
 
 incorrigibility."
 
 Montgomery
 
 ,
 
 136 S.Ct. at 734
 
 (emphasis added). The
 
 Montgomery
 
 Court also found that the petitioner's evidence of "his evolution from a troubled, misguided youth to a model member of the prison community" was "relevant ... as an example of one kind of evidence that prisoners might use to demonstrate rehabilitation."
 

 Id.
 

 at 736
 
 . Here, the record included substantial evidence of Chandler's rehabilitation in prison following his conviction, including the testimony of Chandler's wife, father, and two family friends, as well as numerous letters
 submitted on his behalf by other family members, friends, and members of the community. Chandler presented evidence that he would have a job and a place to live waiting for him if he was released from prison. Likewise, Chandler showed that his decade of imprisonment was virtually without disciplinary blemish and that he excelled in job training programs offered at the prison. However, the trial court's sentencing order does not mention any of this evidence or its impact on the trial court's judgment.
 

 ¶ 27. Other courts have recognized that additional procedural safeguards are necessary to implement
 
 Miller
 
 effectively, especially in light of the Supreme Court's more recent decision in
 
 Montgomery
 
 . For example, in
 
 Veal v. State
 
 ,
 
 298 Ga. 691
 
 ,
 
 784 S.E.2d 403
 
 , 411 (2016), the Georgia Supreme Court held that trial courts in
 
 Miller
 
 cases must make a "distinct determination
 
 on the record
 
 that [the defendant] is irreparably corrupt or permanently incorrigible, as necessary to put him in the narrow class of juvenile murderers for whom [a life-without-parole] sentence is proportional under the Eighth Amendment as interpreted in
 
 Miller
 
 as refined by
 
 Montgomery
 
 ." (Emphasis added.) In so holding, the
 
 Veal
 
 Court found that "[t]he
 
 Montgomery
 
 majority's characterization of
 
 Miller
 
 ... undermines this Court's cases indicating that trial courts have significant discretion in deciding whether juvenile murderers should serve life sentences with or without the possibility of parole."
 
 Id.
 
 at 411. Similarly, in
 
 Commonwealth v. Batts
 
 , --- Pa. ----,
 
 163 A.3d 410
 
 , 415 (2017), the Pennsylvania Supreme Court acknowledged that, in light of
 
 Montgomery
 
 's clarification of
 
 Miller
 
 , "procedural safeguards are required to ensure that life-without-parole sentences are meted out only to 'the rarest juvenile offenders' whose crimes reflect 'permanent incorrigibility,' 'irreparable corruption' and irretrievable depravity[.]' " The
 
 Batts
 
 Court held that, "in the absence of the sentencing court reaching a conclusion, supported by competent evidence, that the defendant will forever be incorrigible, without any hope for rehabilitation, a life-without-parole sentence imposed on a juvenile is illegal, as it is beyond the court's power to impose."
 

 Id.
 

 at 435
 
 . And even before
 
 Montgomery
 
 was decided, the Supreme Court of Wyoming held that
 
 Miller
 
 required the trial court to "set forth specific findings supporting a distinction between 'the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption.' "
 
 Sen v. State
 
 ,
 
 301 P.3d 106
 
 , 127 (Wyo. 2013).
 

 ¶ 28. The United States Supreme Court is careful to limit any procedural component of its substantive holdings "to avoid intruding more than necessary upon the States' sovereign administration of their criminal justice systems."
 
 Montgomery
 
 ,
 
 136 S.Ct. at 735
 
 . As such, it is true that
 
 Miller
 
 did not impose any specific factfinding requirement on lower courts. "However, "[t]hat
 
 Miller
 
 did not impose a formal factfinding requirement does not leave States free to sentence a child whose crime reflects transient immaturity to life without parole."
 

 Id.
 

 To be clear,
 
 Miller
 
 established that a life-without-parole sentence is an unconstitutionally disproportionate punishment for juvenile homicide offenders whose crimes reflect transient immaturity and can be imposed only on those children whose crimes reflect permanent incorrigibility.
 

 Id.
 

 The United States Supreme Court left to the States the task of ensuring that their sentencing procedures satisfy this holding, and to do this, our trial courts must apply the facts of each particular case to the substantive law.
 

 ¶ 29. In light of the Supreme Court's recent clarification of
 
 Miller
 
 in
 
 Montgomery
 
 , the trial court, at a minimum, should have addressed Chandler's capacity for rehabilitation and made an on-the-record finding that Chandler was one of the rare juvenile offenders whose crime reflected permanent incorrigibility before imposing what in effect is a life-without-parole sentence. Because I believe that the trial court's resentencing of Chandler was insufficient as a matter of law, I respectfully dissent.
 

 KITCHENS, P.J., KING AND ISHEE, JJ., JOIN THIS OPINION.
 

 Miller v. Alabama
 
 ,
 
 567 U.S. 460
 
 ,
 
 132 S.Ct. 2455
 
 ,
 
 183 L.Ed.2d 407
 
 (2012).